UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMIQUE FENNELL,                                    :

                Petitioner,                     :

           -against-                         :       **MEMORANDUM AND ORDER**

TIMOTHY MCCARTHY, Superintendent      :       20-CV-3764 (GHW) (KNF)
of Auburn Correctional Facility,
                                       :
                Respondent.                   :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, asserting: (i) his "verdict was against the weight of the evidence and did not support a finding of guilt"; (ii) his Sixth Amendment rights were violated "when the trial court denied request to recall the sole witness against him for further questioning"; and (iii) he was deprived of his right to a fair trial when the court "responded inadequately to a juror's question about a key element of the crimes charged" and the jury's "note announcing a partial verdict," as well as "ignoring one juror's announcement that he or she would be leaving for vacation the following day."

**PETITIONER'S MOTION TO STAY THE PETITION**

On December 10, 2020, the petitioner requested that the petition be held in abeyance so he can exhaust his ineffective assistance of appellate counsel claim for failure to assert that trial counsel rendered ineffective assistance: (1) "when opening door to damaging testimony"; (2) "for failing to request a missing witness charge"; (3) "for failing to object to PROMPT OUTCRY testimony"; (4) "during summation"; and (5) "for failing to object to admission of codefendants, Abdul Harrison, statement in violation of petitioners [sic] confrontation clause."

1

Docket Entry No. 18. The petitioner asserts that he will file his unexhausted issues in the state court "within the next 2/3 months" and will keep the Court "properly informed of the status of such proceedings."

## RESPONDENT'S OPPOSITION TO THE MOTION

The respondent opposes the motion asserting that the petitioner "has not alleged, much less established 'good cause' for his delay in exhausting his new claims." The Appellate Division affirmed the judgment of conviction on December 11, 2018, and the New York Court of Appeals denied leave to appeal on February 19, 2019; thus, the petitioner has known for years that his appellate counsel was unsuccessful. Although the petitioner indicates his intention to raise his new claims in the state court, he has still not done so. The respondent contends that "the first four of the five claims are worded so vaguely that it is difficult if not impossible to determine their merits." Thus, in the absence of sufficient details, the petitioner failed to show that his claims are not plainly meritless. The respondent contends that all claims are time-barred because the 1-year statute of limitations expired, and his motion for a stay was filed over six months after the expiration of the statute of limitations. Since the filing of the habeas corpus petition does not toll the statute of limitations and the petitioner did not file any collateral proceedings that would toll the limitations period, his claims are untimely. Moreover, the petitioner's claim of ineffective assistance of appellate counsel would not relate back to the claims alleged in the petition because the new claims appear to be entirely unrelated to the claims asserted initially in his petition.

## LEGAL STANDARD

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines"

that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005).

## APPLICATION OF LEGAL STANDARD

The petitioner failed to explain what, if anything, prevented him from filing, in a state court, his proposed claim of ineffective assistance of appellate counsel. In the absence of any explanation by the petitioner of his failure to exhaust the proposed claim after the New York Court of Appeals denied leave to appeal, on February 19, 2019, the Court finds that the petitioner failed to establish good cause for his failure to exhaust his unexhausted claim of ineffective assistance of appellate counsel. The petitioner did not explain why his proposed ineffective assistance of appellate counsel claim is potentially meritorious. Since the petitioner did not seek state-collateral review or otherwise assert any ground for tolling the one-year statute of limitations imposed by the statute, his proposed claim of ineffective assistance of appellate counsel would be untimely. See 28 U.S.C.A. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The petitioner did not explain how his proposed new claim of ineffective assistance of appellate counsel relates back to the claims in his petition, as required by Rule 15(c)(1) of the Federal Rules of Civil Procedure. It does not appear from the petitioner's motion that his proposed claim of ineffective assistance of appellate counsel relates back to the claims in his petition. See Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of

operative facts, relation back will be in order."). Accordingly, the Court finds that the petitioner failed to meet the burden imposed on him by Rhines.

## CONCLUSION

For the foregoing reasons, the petitioner's motion for a stay of his petition, Docket Entry No. 18, is denied.

**The Clerk of Court is directed to mail this Memorandum and Order to the petitioner.**

Dated: New York, New York
February 8, 2021

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE