```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMIQUE FENNELL,                                    :

                      Petitioner,                   :

           -against-                                :     MEMORANDUM AND ORDER

TIMOTHY MCCARTHY, Superintendent                    :     20-CV-3764 (GHW) (KNF)
of Auburn Correctional Facility,
                                                    :
                      Respondent.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

In May 2020, the petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, asserting: (i) "the verdict was against the weight of evidence and did not support a finding of guilt on any of the criminal charges"; (ii) his Confrontation Clause "Sixth Amendment rights were violated when the trial court denied his request to recall the sole witness against him for further questioning"; and (iii) he was deprived of his right to a fair trial by the court "inadequately responding to (A) the jury's questions about key elements of the crime charged; (B) the jury's later note announcing a partial verdict; and (C) by entirely ignoring one juror's announcement that he or she would be leaving for vacation the following day." Before the Court is the petitioner's motion to stay the petition, opposed by the respondent.

## PETITIONER'S MOTION TO STAY THE PETITION

On December 10, 2020, the petitioner requested that the petition be held in abeyance so he can exhaust his ineffective assistance of appellate counsel claim for failure to raise claims that trial counsel rendered ineffective assistance: (1) "when opening door to damaging testimony"; (2) "for failing to request a missing witness charge"; (3) "for failing to object to PROMPT OUTCRY testimony"; (4) "during summation"; and (5) "for failing to object to admission of

1

codefendants, Abdul Harrison, statement in violation of petitioners [sic] confrontation clause." Docket Entry No. 18. The petitioner asserts that he will file his unexhausted claim in the state court "within the next 2/3 months" and will keep the Court "properly informed of the status of such proceedings."

## RESPONDENT'S OPPOSITION TO THE MOTION

The respondent opposes the motion asserting that the petitioner "has not alleged, much less established 'good cause' for his delay in exhausting his new claims." The Appellate Division affirmed the judgment of conviction on December 11, 2018, and the New York Court of Appeals denied leave to appeal on February 19, 2019; thus, the petitioner has known for years that his appellate counsel was unsuccessful. Although the petitioner indicates his intention to raise his new claims in the state court, he has still not done so. The respondent contends that "the first four of the five claims are worded so vaguely that it is difficult if not impossible to determine their merits." Thus, in the absence of sufficient details, the petitioner failed to show that his claims are not plainly meritless. The respondent contends that all claims are time-barred because the 1-year statute of limitations expired on May 20, 2020. Although the petition was filed timely, the motion for a stay was filed over six months after the expiration of the statute of limitations. Since the filing of the habeas corpus petition does not toll the statute of limitations and the petitioner did not file any collateral proceedings that would toll the limitations period, his claims would be untimely as they would not relate back to the claims alleged in the petition, given that the new claims appear to be entirely unrelated to the claims asserted initially in his petition.

**PETITIONER'S REPLY**

In his reply, the petitioner explains his delay in seeking to exhaust his new claim. He asserts that, after the Court of Appeals denied leave to appeal on February 19, 2019,

> I was and have been drafting my arguments for my ineffective assiatnce [sic] of appellate counsel. But the Covid -19 pandemic hit the department of corrections in the month of February 2019 while I had 120 days to file my petition. At this time I was housed in Auburn Correctional Facility, face masks were not mandated to be worn by inmates around this time. The facility limited the law library access to five inmates at a time in order to honor the six foot social distancing. When I obtained a thirty day special access for law library services. The facility staff only allowed me to work on my petition and I was threatened with a misbehavior report if I was caught working on anything else that was not the petition. This is why I was forced to file my petition and why I had not exhausted my state ineffective assistance of appellate counsel claims before May 2, 2020. This problem has become more of an issue after the petition was filed. I am now housed at Great meadows Correctional Facility. In the last 120 days, I have only been provided with access to the law library eight times to finish drafting my arguments. Many times the call-out to go to the law library did not get delivered to my cell. I have written multiple grievances but the facility continues to blame the issue on covid. The Department of Corrections has no real way to combat Covid-19, so the facility have extensively limited inmates access to Law Library, Educational Programs and Medical Care. These are issues that have not been addressed by our society while battling Covic-19. [sic].

The petitioner asserts that he is not trying to engage in any dilatory tactics and his claim has merit, but it is "very hard to obtain access to the law library during this pandemic."

Concerning the merits of his unexhausted claim, the petitioner contends that appellate counsel's failures constitute ineffective assistance of counsel. According to the petitioner, his right to effective assistance of counsel was violated "when after the prosecution informed the jury that petitioner was excluded as a contributor to the weapons possession, trial counsel solicited and opened the door to damaging testimony." The petitioner maintains that his case "is a one witness identification case" and "[t]here is no scientific or physical evidence to connect petitioner to the crime," which the prosecutor made clear to the jury. The petitioner's counsel

3

emphasized to the jury that the petitioner's deoxyribonucleic acid ("DNA") was not recovered from the weapon or in any evidence in the case. However, the petitioner's defense was "dismantled" when Troy Holder ("Holder") of the Office of Chief Medical Examiner testified that the petitioner

> was excluded as a contributor "to all samples where comparison could be made" by his office (T.601). When questioned by the people on if that meant "he could have never touched the gun or the duct tape core in this case"? Holder responded "No", it just means that when I am making the comparison, just like I showed you with the table, when I am looking for the alleles in the mixture, there was a sufficient amount of the alleles missing that I could not make a positive association. I had to exclude it; but is does not say for sure; I can never say for sure what happened with the mixture because I wasn't there. So it's just saying that I cannot include him; I'm excluding him (T. 601-02). . . . [C]ounsel opened the door to damaging testimony that strengthen the peoples [sic] theory that appellant had the gun in his hands five days before Castro was arrested with it separately from appellant. This inadvertently placed the gun in appellant's hand without any statistical probabilities or likelihood ratios of how common those alleles were in the human population.

The petitioner asserts that his counsel was "without understanding that he was incompetent to the 'DNA' conclusions" and persisted in damaging the petitioner's defense by further questioning Holder who testified that his office did not record the number of alleles that were present or missing when a person is excluded as a contributor. Counsel's line of questioning prejudiced the petitioner because "it could not be explained why [the petitioner's] alleles were present or missing" and "nobody looking at this record can possibly understand why counsel opened the door to the presence of [the petitioner's] alleles on the firearm" which was a critical piece of evidence for the prosecution's theory at trial, or "why counsel failed to question Holder on why he was in possession of data that he claimed his office does not record, when a sufficient amount of alleles are missing." Through his counsel, the jurors only learned that the petitioner "most certainly have had his fingers on the trigger before Castro was arrested, shedding more light on

4

the people's theory, without any statistical probabilities. DNA evidence is statistical and without some explanation of the statistics involved, it is not especially probative." Holder did not testify about "any statistical probabilities with respect to the notes from which he read. He only stated that the alleles were [the petitioner's]. This type of scientific testimony has never been used pertaining to an excluded person in a criminal trial and counsel failed to clarify this testimony." Appellate counsel had the trial transcripts but failed to make the most important argument, namely, ineffective assistance of trial counsel for opening the door to damaging testimony that contradicted counsel's own theory of defense, causing a breakdown in the adversarial process.

## RESPONDENT'S SUR-REPLY

The respondent argues that the petitioner failed to establish good cause for waiting so long to exhaust his new claims based on the direct-appeal record, and he had still failed to file his claims in state court after his direct appeal concluded on December 11, 2018. The unexhausted claims are plainly meritless as they do not relate back to the claims in the petition and, absent relation back, they are time-barred; thus, a stay to exhaust them would be futile. In his reply, the petitioner focuses only on his claim that trial counsel opened the door to damaging DNA testimony, but he "offers nothing to support his remaining four claims." Given the conclusory nature of the claims, the petitioner failed to sustain his burden of establishing that they are not plainly meritless. Moreover, the only claim the petitioner addresses in his reply is also meritless because it does not satisfy the stringent standard for proving his claim.

## LEGAL STANDARD

When "a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not," namely, a "mixed" petition, a district court has discretion to "stay the petition and hold it in abeyance while the

petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 271, 275, 125 S. Ct. 1528, 1531, 1534 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines" that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78, 125 S. Ct. at 1535.

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type

6

from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566 (2005).

> Tolling of the limitations period is applied only in "rare and exceptional" circumstances. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). A litigant seeking equitable tolling must show both that he "diligently" pursued his rights and that "some extraordinary circumstance ... prevented timely filing." *Holland,* 130 S.Ct. at 2562 (internal quotation marks omitted); *see also Bolarinwa v. Williams,* 593 F.3d 226, 231 (2d Cir.2010). A petitioner seeking equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000).

Jenkins v. Greene, 630 F.3d 298, 302–03 (2d Cir. 2010).

## APPLICATION OF LEGAL STANDARD

Since the petition in this case contains only exhausted claims it is not a "mixed petition" subject to the standard governing requests for a stay under Rhines. The Court interprets liberally the petitioner's request for a stay as a request to: (1) amend the petition to add his unexhausted claim of ineffective assistance of appellate counsel, making it a mixed petition; and (2) stay the amended mixed petition to exhaust the unexhausted claim in the state court.

***Timeliness of the Unexhausted Claim***

Since the petitioner did not seek state-collateral review or otherwise assert any ground for tolling the one-year statute of limitations imposed by the statute, his proposed claim of ineffective assistance of appellate counsel would be untimely. See 28 U.S.C.A. § 2244(d)(1). The petitioner does not assert that equitable tolling should apply. The petitioner failed to explain what, if anything, prevented him from filing, in a state court, his proposed claim of ineffective assistance of appellate counsel. The grounds for the claim were contained in the record, which he knew when his direct appeal was completed on February 19, 2019, when the Court of Appeals

denied leave to appeal, a date that was more than one year before the COVID-19 pandemic was declared. Even at the time of his reply, in January 2021, the petitioner had still not filed his ineffective assistance of appellate counsel claim with the state court. The petitioner failed to show that he pursued his rights diligently and that some extraordinary circumstance prevented the timely filing of his ineffective assistance of appellate counsel claim.

*Amending the Petition*

The petition can only be amended to add the unexhausted claim of ineffective assistance of appellate counsel if that claim "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," as required by Rule 15(c)(1)(B)of the Federal Rules of Civil Procedure. In connection with the weight of the evidence claim, the petitioner asserts: (i) "[t]he only source of evidence against [him] was the victim's inconsistent testimony"; (ii) "[t]he prosecutor relied on the fact that the victim was able to pick [the petitioner] out of a lineup, but this identification was tainted, by way of the surveillance footage having already been released to the media, and had been broadcast [sic] to the public in news coverage of the incident before the victim was brought in for lineup/ID at the police station"; (iii) "forensic evidence shows that [the petitioner] was never in the hotel room"; and (iv) he "was excluded as a contributor from all of the samples that were collected in this case." None of the bases for the ineffective assistance of appellate counsel claim relates back to the core operative facts respecting his claim that the verdict was against the weight of evidence. The petitioner's ineffective assistance of appellate counsel claim does not relate back to his petition claims for violations of the: 1) Confrontation Clause of the Sixth Amendment; and 2) right to a fair trial, based on the trial court's responses to questions from the jury, because the operative facts of the unexhausted claim are entirely unrelated to the claims asserted in the petition. The Court finds

that the petitioner's unexhausted ineffective assistance of appellate counsel claim did not arise "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," as required by Rule 15(c)(1)(B). Thus, amending the complaint to include the unexhausted claim is not warranted.

***Failure to Exhaust***

Even if amending the complaint to include the unexhausted claim of ineffective assistance of appellate counsel is warranted, the petitioner failed to explain why he did not file timely his proposed ineffective assistance of appellate counsel claim in the state court. In the absence of any explanation by the petitioner for his failure to exhaust the proposed claim after the New York Court of Appeals denied leave to appeal, on February 19, 2019, the Court finds that the petitioner failed to establish good cause for his failure to exhaust his unexhausted ineffective assistance of appellate counsel claim. Assuming that amending the complaint to include the unexhausted ineffective assistance of appellate counsel claim is warranted, the petitioner failed to meet the burden imposed on him by Rhines.

## CONCLUSION

For the foregoing reasons, the petitioner's motion for a stay of his petition, Docket Entry No. 18, is denied.

**The Clerk of Court is directed to mail a copy of this Order to the petitioner.**

Dated: New York, New York
March 16, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

9